IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**ISAAM EL NOUN,**
**ALIEN # A72-838-240,**

    Petitioner,

vs.                                        Case No. 4:07cv299-MP/WCS

**ALBERTO GONZALES, et al.,**

    Respondents.

    _____/

## REPORT AND RECOMMENDATION

Petitioner, who is *pro se*, initiated this case on June 29, 2007, doc. 1, with the filing of a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On August 30, 2007, Respondents filed a motion to dismiss asserting that Petitioner was released from custody and the case should be dismissed as moot. Doc. 8. It was noted that Respondents provided a certificate of service which indicated the document was sent to Petitioner at his "last known address," which was the Wakulla County Jail, and where Petitioner would not have received the motion.

However, just a few days later, Petitioner filed a notice of change of address. Doc. 9. That notice stated that Petitioner was "currently detained by DHS" in Miami, Florida. *Id.* Furthermore, the certificate of service for the notice was signed by

Petitioner on August 30, 2007, seven days after Respondents assert that Petitioner was released.

Additionally, attached to the motion to dismiss filed by Respondents was a "Release Notification" for Petitioner providing a "c/o ICE Detention & Removal, Miami Field Office" address. Doc. 8, ex. 1, p. 2. The notice stated that release would be subject to certain conditions, but did not clearly indicate Petitioner had been released.

In light of those problems, it was unclear whether Petitioner had been released from custody or whether he was being detained in Miami. The parties were ordered to file a response and clarify Petitioner's status by **September 25, 2007**. Doc. 10.

Only Respondents filed a response to that Order.[1] Respondents maintain their assertion that "Petitioner was released from custody of ICE on August 23, 2007." Doc. 12, p. 1. Attached to the response was a signed and completed Order of Supervision dated August 23, 2007. Doc. 12, ex. 1 (doc. 12-2, p. 2). Also attached was a release notification (doc. 12-2, p. 5) and an address in Hollywood, Florida, where (presumably) Petitioner would be staying. Doc. 12, ex. 1 (doc. 12-2, p. 3).

As it now appears that Petitioner has been released from custody, and because that was the relief requested in the § 2241 petition, this case should be dismissed as moot. There no longer appears to be a case or controversy between the parties and Petitioner does not contest the motion to dismiss.

---

[1] No mail was returned to the Court as of this date which would indicate Petitioner never received the prior order.

Case No. 4:07cv299-MP/WCS

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, doc. 1, be **DISMISSED**, and the uncontested motion to dismiss, doc. 8, be **GRANTED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 3, 2007.


   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**